UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALICIA CASTLEBERRY,                              CASE NO.:

    Plaintiff,

v.

INKTEL CONTACT CENTER SOLUTIONS LLC,
a Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, ALICIA CASTLEBERRY, ("Ms. Castleberry" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") seeking recovery from INKTEL CONTACT CENTER SOLUTIONS LLC ("Inktel" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. Ms. Castleberry is an adult individual.

2. Defendant is a limited liability company that operates and conducts business in, among others, Hillsborough County, Florida, and is thus within this court's jurisdiction.

3. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

4. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 2000gg and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Hillsborough County, Florida.

6. Plaintiff worked for Defendant in Hillsborough County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked,

for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

10. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

**CONDITIONS PRECEDENT**

11. On or around October 25, 2025, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

12. More than 180 days have passed since the filing of the Charge of Discrimination.

13. On or around July 28, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

14. Plaintiff timely files this action within the applicable period of limitations against Defendant.

15. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

16. Ms. Castleberry worked for Inktel, most recently in Client Services, from March 17, 2023, until her termination on May 21, 2024.

17. Ms. Castleberry was a work-from-home employee.

18. Ms. Castleberry only agreed to work for Inktel with the understanding that she would be a chat representative, and not a voice representative who had to speak on the telephone with implacable, disgruntled customers.

19. Nevertheless, shortly after Ms. Castleberry commenced employment with Inktel, Inktel forced Ms. Castleberry to work as a voice representative.

20. By October of 2023, the rigors and unpleasantness of this role had caused Ms. Castleberry to suffer flareups of disabilities and serious health conditions, specifically extreme anxiety, depression, and panic attacks.

21. Accordingly, Ms. Castleberry availed herself of a few weeks' leave of absence in order to treat and address her disabilities and serious health conditions.

22. Matters were as bad, or worse, upon Ms. Castleberry's return to work at Inktel.

23. In December of 2023, Ms. Castleberry requested and was granted the reasonable, non-burdensome accommodation of being moved from working the phones to working chat, as well as being excused during moments of incapacity due to her disabilities and serious health conditions.

24. Very quickly, however, Inktel forcibly demanded that Ms. Castleberry also work the phones rather than working chat and revoked the accommodation that it had granted Ms. Castleberry.

25. Then, in March of 2024, Ms. Castleberry, now that she was eligible to apply for FMLA leave in order to treat and address her disabilities and serious health conditions, began the process of doing so.

26.     In mid-April of 2024, Ms. Castleberry submitted FMLA paperwork including her treating health care provider's medical certification documents.

27.     Nevertheless, during this process of getting her FMLA certification form properly submitted, on May 21, 2024, Inktel informed Ms. Castleberry that it had decided to terminate her employment.

28.     It is clear that Inktel retaliated against Ms. Castleberry based on her serious health condition, her utilizing or attempting to utilize FMLA leave, her disabilities, and for requesting reasonable accommodation.

29.     Any other "reason" theorized after the fact by Inktel for its termination of Ms. Castleberry's employment is pure pretext.

30.     Inktel's adverse employment actions recounted herein were taken in interference with, and retaliation for, Ms. Castleberry disclosing her serious health condition and for attempting to avail herself to protected FMLA leave.

31.     Defendant did not have a legitimate, non-retaliatory reason, for its actions.

32.     Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

33.     The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment,

alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

34. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

35. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job as a Client Services.

36. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and request for accommodation under the ADA/FCRA.

37. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

38. The timing of Plaintiff's termination makes the causal connection between her use of reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

39. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

40. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

41. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 8, 16 through 34, and 41, above.

43. At all times relevant hereto, Plaintiff was protected by the FMLA.

44. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

45. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

46. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 3, 5 through 8, 16 through 34, and 41, above.

49. At all times relevant hereto, Plaintiff was protected by the FMLA.

50. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

51. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

52. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

53. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9 through 29, and 35 through 41, above.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

57. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

59. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

60. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II
## DISABILITY DISCRIMINATION UNDER
## THE FLORIDA CIVIL RIGHTS ACT

62. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9 through 29, and 35 through 41, above.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

64. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

65. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

66. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

67. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

68. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT III
### RETALIATION UNDER THE ADA BASED ON DISABILITY

69. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9 through 29, and 35 through 41, above.

70. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt he was being discriminated against based on her disability, and/or her request for/utilization of reasonable accommodation.

71. Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the ADA.

72. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and/or her request for reasonable accommodation.

73. Plaintiff's protected activity, and her termination, are causally related.

74. Defendant's stated reasons for Plaintiff's termination are a pretext.

75. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of

punitive damages against Defendant, to deter it and others from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

78. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 6, 9 through 29, and 35 through 41, above.

80. Plaintiff was terminated within close temporal proximity of her objections to disability discrimination and/or her request for reasonable accommodation.

81. Plaintiff's objections to discrimination and/or request for reasonable accommodation, constituted protected activity under the FCRA.

82. Plaintiff was terminated as a direct result of her objections to what he reasonably believed to be disability discrimination, and her request for reasonable accommodation.

83. Plaintiff's protected activity, and her termination, are causally related.

84. Defendant's stated reasons for Plaintiff's termination are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

87. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

88. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 24th day of October 2025.

        Respectfully Submitted,

        */s/ Noah E. Storch*
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.
        7951 SW 6th St, Suite 316
        Plantation, Florida 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: **noah@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*